## Esperanza Cuebas, Petitioner, v. District Court of San Juan, Respondent.

No. 1063. Argued January 13, 1936.—Decided January 17, 1936.

*Enrique Báez García* for petitioner. *Angel M. Díaz* for plaintiff in the main action.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Bautista Rosario brought an action of debt against Esperanza Cuebas Iriarte under the special procedure established

by Act No. 10 of 1921 (Session Laws, p. 112). It was alleged in the complaint that the plaintiff sold a barbershop to the defendant for the sum of $300, of which he paid $100 in cash and agreed to pay the balance in instalments, with costs, disbursements, and attorney's fees assessed at $50, in case of judicial claim. It was further alleged, that at the time the complaint was filed, the defendant owed $85, including accrued interest, and prayer was made that the defendant be adjudged to pay the aforesaid sum, together with costs, disbursements, and attorney's fees. The municipal court rendered judgment in conformity with the prayer of the complaint. On appeal before the district court, the defendant presented a demurrer on the ground that the court had no jurisdiction to decide the action brought under the procedure established by Act No. 10 of 1921, providing for special trials in the municipal courts of Puerto Rico and for other purposes, as the amount claimed was in excess of $100. The demurrer was filed on December 11, 1933, in the office of the clerk of the district court. On December 13 of the same year, said court rendered judgment for the plaintiff and ordered the defendant to pay to the plaintiff the sum of $85, with costs, disbursements, and attorney's fees.

The petitioner seeks a review of the judgment entered by the District Court of San Juan, as he maintains that said court acted without jurisdiction in rendering the same within the special proceeding established by law in cases where the sum claimed does not exceed $100.

The plaintiff, in whose favor judgment was entered, argues that the maximum jurisdiction of the municipal courts is $500, and that the most that can be said in the instant case is that the district court went beyond the scope of the special proceeding provided by Act No. 10 of 1921 when it rendered its decision on appeal, but not that said judgment was rendered without jurisdiction.

It is true, as claimed by the plaintiff, that the municipal court may take cognizance of any case where the amount in

controversy does not exceed $500; but this does not mean that he is entitled to resort to the special proceeding author-ized by Act No. 100 of 1921, in order to recover on an obliga-tion exceeding the amount of $100, unless he waves the excess thereof. Otherwise the court would lack authority to act in this proceeding, which, apart from its summary character, grants to the parties the privilege of paying as. fees only $1 for each complaint, answer, or notice of appeal filed, which could not be done in an ordinary action. The judge of the lower court stated that, "on the face of the complaint it appears that the amount in litigation does not exceed $100, since the plaintiff waived the item of $50 stipulated as attor-ney's fees, as shown by the prayer of the complaint." The judge went on to say: "The judgment of this court is for the sum of $85 as principal, together with interest thereon at the rate of 9 per cent per annum from the filing of the complaint on October 31, 1935, until fully paid, and costs, disbursements, and stipulated attorney's fees, the amount of which, it is understood, shall not exceed any balance neces-sary to complete the sum of $100, up to which sum this court would have jurisdiction within this proceeding."

We have examined the complaint and it appears indeed that the words relating to the costs and attorney's fees, to wit, "that the defendant agreed and consented to have them fixed in the sum of $50, and so fixed and established them in said sum," have been crossed out.

As it may be seen, the lower court concluded that the plaintiff, who resorted to the special proceeding by crossing out the above-quoted words, waived any amount respecting costs and attorney's fees which if added to the principal amount claimed would exceed $100. Under these circum-stances, we are of opinion that the writ issued should be dis-charged, since in accordance with the judge's explanation, the amount of the judgment rendered does not exceed $100.